Dwayne **KELLEY**, Plaintiff,

v.

**CROSFIELD CATALYSTS**, Defendant.

No. 95 C 6194.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 20, 1997.

Danny L. Windham, Michael Allen Childers, Chicago, IL, for Plaintiff.

Dwayne Kelley, Westmont, IL, pro se.

Terry James Smith, Brian Ross Carnie, Kessler Smith & Powen, Chicago, IL, for Defendant.

*MEMORANDUM AND ORDER*

MORAN, Senior District Judge.

According to the complaint, plaintiff, employed by defendant, was supposed to work on October 22 through October 25, 1993. On Friday, October 22, 1993, plaintiff received a telephone call from his mother in Brooklyn, New York, who said that ten-year-old Shaneequa Nichole Forbes was subject to a Brooklyn proceeding to cause her to become a ward of the state. Plaintiff then determined that "he would seek custody of Shaneequa for foster care or adoption." He alleges he learned he had to go to New York to gain custody and, after receiving telephone authorization from two of defendant's supervisory-level employees, he left for New York. He returned to work on October 29, 1993, and was then terminated, allegedly because of unscheduled absences from work and poor performance.

The second amended complaint advances two claims. One is that his absence was a qualified leave under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* and 5 U.S.C. § 6381 *et seq.* (FMLA). The other is that defendant, by approving his leave and then terminating him, and by thereafter opposing his application for employment benefits and by providing negative and derogatory employment references, intentionally inflicted emotional distress, an injury compensable under Illinois law. Defendant now moves to dismiss, and that motion is granted.

Defendant contends that plaintiff, in prior pleadings, has made binding judicial admissions that Shaneequa is his biological daughter and that leave to obtain custody of one's own child is not within the purview of the FMLA. It relies upon the allegation in the original complaint that plaintiff took the

leave to obtain custody of his own child. It also points out that plaintiff, in representations on the record to this court, did not dispute that he believed he was the father and only recently came to have a question about that; that a letter from the New York authorities he submitted to justify his absence refers to his efforts to obtain custody of his daughter; and that the second amended complaint studiously avoids any allegation of the relationship between Shaneequa and plaintiff. Plaintiff contends that he has not made a binding judicial admission as claimed, that he was entitled to a qualified leave in any event, and that defendant is improperly relying upon "outside matters" to support its motion to dismiss.

Plaintiff's earlier pleading is certainly a judicial admission which any trier of fact is entitled to hear about, but is it conclusive, foreclosing plaintiff from changing his position in a subsequent pleading? It may well be conclusive, but we do not rest on that. It is clear from the original complaint that plaintiff considered Shaneequa to be his biological daughter when he went to New York and that, from his perspective, he needed leave because of what was happening there, and he so informed defendant. He said so in his original complaint; his statement in court is consistent with that position and his allegations in the second amended complaint are not to the contrary. It is unclear how the letter from the New York authorities got into the court record and perhaps we should not consider it on a motion to dismiss, although it is hard to ignore it. The letter obviously was sent to defendant at plaintiff's request to ask the employer to be forbearing in the circumstances. It is, however, merely cumulative of plaintiff's representations by pleadings and statements on the record, and it is not determinative here. We would indeed be putting on blinders if we concluded that artful pleading had obfuscated what is obviously the fact: plaintiff claims he went to New York to seek custody of a child he then believed to be his daughter and that he so advised defendant.

■ We have no doubt that the defendant can rely upon the reason given. It need not be clairvoyant. But does the reason given take plaintiff outside the protection of FMLA? 5 U.S.C. § 6381 *et seq.* is irrelevant to the determination. It relates to federal employees, which plaintiff was not. The relevant provision is 29 U.S.C. § 2612(a)(1)(B):

> ... [A]n eligible employee shall be entitled to ... leave ...
>
> (B) Because of the placement of a son or daughter with the employee for adoption or foster care.

The regulations promulgated under the FMLA provide that " 'son or daughter' means a biological, adopted, or foster child, a stepchild, a legal ward, or a child of a person standing in loco parentis...." 5 C.F.R. § 630.1202.

Defendant argues that custody is not adoption or foster care, relying upon New York law and the federal regulations defining adoption and foster care. Plaintiff contends that, because he had no parental rights, the "law is clear" that his leave was protected, and current Seventh Circuit case law is clearly contrary to defendant's position. He does not cite any authority for those assertions. We are left, then, to struggle with that issue as best we can.

■ The Act clearly does not provide qualified leave for every family emergency. A call from a police station or from school authorities, a minor ailment that keeps a child home from school with no help immediately available, or a personal crisis in the life of a child or a parent may cause a severe conflict for an employee between work and family responsibilities. None is covered by the FMLA. It is not a general grant of leave protection covering all family crises. The legislative history makes it clear that the Act is intended to reach four situations: to provide home leave relating to the birth of a child or to the adoption or initial foster care of a child by one not his or her parent, to provide care for a seriously ill child, spouse or parent, or to attend to the employee's own serious health condition. The statute provides minimum protection in those circumstances and expressly is not intended to displace more far-reaching protection arising from state law or private arrangement.

We are unable to square plaintiff's situation with the limited statutory protection

even if, as we should, we read those protection liberally. The regulations (New York law does not control the interpretation of this federal statute) define "adoption" and "foster care" in the usual sense. An emergency trip to rescue one's own child from a state proceeding does not fit within those definitions or the statutory scheme. Perhaps the establishment or reestablishment of a relationship with one's own child is within the spirit of the concept embodied in the FMLA, and certainly it is within the overall statutory objective of seeking to accommodate family emergencies,[1] but it does not appear to be within the coverage Congress has provided. We grant defendant's motion to dismiss Count I. If, as plaintiff represents, he has persuasive authority to the contrary (we have been unable to find any), he can always seek reconsideration.

Because we have dismissed the federal claim we dismiss Count II, grounded on state law, without prejudice.

---

1. Defendant recognizes that the result may appear "harsh" if the facts were solely those advanced by plaintiff, but it insists that plaintiff's version is both inaccurate and incomplete. We of course do not consider any version other than plaintiff's on a motion to dismiss, nor does defendant ask us to do so.